UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE CONYERS,<br>CDCR #BA-5328,<br><br>                              Plaintiff,<br><br>                  vs.<br><br>CORPORAL RODRIGUEZ, San Diego Sheriff's Dept.; JOHN DOE ONE, San Diego Sheriff's Dept. Officer; JOHN DOE TWO, San Diego Sheriff's Dept. Corporal; JOHN DOE RN, Nurse; TRI CITY MEDICAL CENTER,<br><br>                            Defendants. | Case No.: 3:17-cv-00127-LAB-NLS<br><br>**ORDER**<br><br>**1) GRANTING MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND REFERRING CASE TO PRO BONO PANEL PURSUANT TO GENERAL ORDER 596**<br>**[ECF No. 14]**<br><br>**AND**<br><br>**2) DENYING MOTION FOR SETTLEMENT DISPOSITION CONFERENCE / SUBPOENA EVIDENCE WITHOUT PREJUDICE**<br>**[ECF No. 10]** |

     DWAYNE CONYERS (Plaintiff), is a prisoner proceeding pro se and currently incarcerated at California State Prison – Los Angeles County (LAC), in Lancaster, California. He first filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on December

15, 2016 (ECF No. 1) in the Central District of California, and on December 22, 2016, he was granted leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

After closer review of his Complaint, however, United States District Judge Andre Birotte, Jr. found Plaintiff filed his case in improper venue; therefore, he ordered it transferred to the Southern District of California pursuant to 28 U.S.C. § 1406(a), which is where Plaintiff's claims are alleged to have arisen, and where the Defendants are alleged to be employed. (ECF No. 6.)

After the case was transferred here, Plaintiff filed a "Motion for Settlement Disposition Conference/Subpoena Evidence" (ECF No. 10), a letter requesting assistance (ECF No. 12), a Motion to Appoint Counsel (ECF No. 14), and supplemental documents and declarations in support of his Motion to Appoint Counsel (ECF Nos. 21, 25). Plaintiff has also filed a First Amended (ECF No. 16), and a Second Amended Complaint (SAC) (ECF No. 23). The SAC is the current operative pleading, and it requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, because Plaintiff is a prisoner proceeding IFP.

**I.    Screening per 28 U.S.C. § 1915(e)(2) and § 1915A(b)**

A.    Standard of Review

"At any time," and typically "as soon as practicable" after filing, the Court conducts a sua sponte review, and must dismiss a prisoner's IFP complaint, or any portion of it, which it finds frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

///

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). However, a liberal construction of the pleading is required in pro se cases, especially those alleging civil rights violations. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (noting court's "obligation … to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

B. <u>Plaintiff's Allegations</u>

Plaintiff's SAC, and all its previous iterations, contain serious and disturbing allegations of Plaintiff's sexual assault by a San Diego County Sheriff's Department official, identified only as "John Doe Corporal Sheriff," and occurring on June 24 or 25, 2016. Plaintiff was a pretrial detainee at the George Bailey Detention Facility (GBDF), at the time, but temporarily transferred to Tri City Medical Center for treatment of a "medical problem." (ECF No. 23 at 2, 5, 7, 8.)

Plaintiff claims he was cuffed to a hospital bed and at some point on June 25, 2016, complained "to the officers" that his cuffs were too tight. (*Id.* at 7.) Plaintiff then contends "two Sheriff's Officers race black," came into his room and "look[ed] around" as he was watching TV. (*Id.*) As one of the officers, identified only as "John Doe One Sheriff," "walked to the hallway," "Defendant [T]wo, the Sheriff's Corporal[,] came to [his] bed[,] looked Plaintiff in[] [the] eyes," uttered a racial epithet, and said, "Shut up, I'll 'blow' your head off," and "You['d] better do what I say." (*Id.*) Plaintiff then claims "the black Sheriff Corporal touch[ed] Plaintiff['s] ass," exposed himself, "started mast[u]rbating," and "ejaculated on Plaintiff['s] bedsheets." (*Id.*)

Plaintiff claims after the offending officer left the room, he managed to push the emergency button on the side of the bed.[1] (*Id.*) "Moments later," "a Sheriff's officer unlock[ed] the door so a nurse [could] enter." (*Id.* at 8.) Plaintiff noticed "Defendant Corporal Rodriguez" outside the door, watched the two "cross[] each other in the hallway," and yelled to Rodriguez that the John Doe Sheriff's Corporal "just sexually assaulted [him]." Plaintiff claims Rodriguez said, "Ok, let me investigate," and then told the "RN Defendant John Doe" to give Plaintiff a "be cool shot." (*Id.* at 6, 8.) Plaintiff objected, but nevertheless "received" the "unauthorized and illegal shot," which "mellow[ed] [him] out," and made him fall asleep. (*Id.* at 8.)

Plaintiff claims he doesn't know how long he was asleep, but when he woke, he told unidentified detectives about the assault, and suggested they "view the camera inside the room." (*Id.*) Plaintiff claims the detectives "remove[d] the sheets from [his] bed as evidence." (*Id.*)

Plaintiff contends that on June 29, 2016, he told a Tri City Medical Center doctor he had been sexually assaulted on June 25, 2016, but "the doctor checked Plaintiff out" of the hospital "within ten minutes." (*Id.* at 9.) He was released back to GBDF, and on July 3,

---

[1] Plaintiff contends the "room had a working camera" because "someone from the camera room" told him to "stay on [his] bed" after he called for help. (ECF No. 23 at 8.)

2016, Plaintiff filed a "San Diego County Inmate Grievance" related to the assault. (*Id.* at 8, 12-13, Pl.'s "Ex. A.")[2]

Plaintiff seeks declaratory relief and money damages against all of the unidentified Doe Defendants, as well as Tri City Medical Center, for "retaliating" against him, subjecting him to "unwanted and unnecessary sexual misconduct," failing to "intervene," and/or "allowing" his "sexual victimization" while he was in their care in violation of the First and Eighth Amendments.[3] (*Id.* at 5, 9-10.)

C. Analysis

Assuming Plaintiff's allegations true, as the Court must at this stage of the proceedings, it finds Plaintiff's SAC sufficient to state plausible claims for relief upon which § 1983 relief may be granted. *Iqbal*, 556 U.S. at 678; *Wilhelm*, 680 F.3d at 1121.

---

[2] Plaintiff does not say whether his grievance was ever investigated, or what the results were. But "Exhibit A" attached to his SAC shows he submitted the grievance after his return to GBDF on July 3, 2016, and it was "received" by a staff member whose signature is illegible, but whose ARJIS # was 7325. (ECF No. 23 at 12-13.) While no "JIMS Grievance Number" is listed, a note on the bottom under "Response to Inmate Request" indicates it was "FWD TO SGT." (*Id.*)

[3] Plaintiff was a pretrial detained "charge[d] with P.C. 211" at the time of the incident. (ECF No. 23 at 7.) Therefore, the Fourteenth Amendment, not the Eighth, will govern Plaintiff's sexual assault and failure to protect claims. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)), *cert. denied,* 137 S. Ct. 831 (2017). Under the Due Process Clause, Plaintiff must allege facts to show that the conditions of his confinement amounted to "punishment" and were not "reasonably related to a legitimate governmental objective." *Bell*, 441 U.S. at 536-37, 539; *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017). "Excessive force applied directly by an individual jailer and force applied by a fellow inmate can cause the same injuries, both physical and constitutional. Jailers have a duty to protect pretrial detainees from violence at the hands of other inmates, just as they have a duty to use only appropriate force themselves." *Castro*, 833 F.3d at 1070.

First, a pretrial detainee bringing claims of excessive force under the Fourteenth Amendment must allege that: (1) an officer purposely or knowingly used force against him, and (2) the force used was objectively unreasonable. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Plaintiff's SAC clearly satisfies these pleading requirements. The sexual assault of a shackled pretrial detainee by a County Sheriff's Department officer charged with his custody and care is undoubtedly objectively unreasonable under *Kingsley*, as it clearly violates all standards of decency and serves no penological purpose. *Schwenk v. Hartford,* 204 F.3d 1187, 1197 (9th Cir. 2000) ("A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply offensive to human dignity.") (internal quotation marks omitted); *see also Quiroga v. King*, No. 1:15-CV-01697-AWI-MJS-PC, 2016 WL 5340283, at *4 (E.D. Cal. Sept. 21, 2016).

Second, Plaintiff's claims that San Diego Sheriff's Department officials and Tri City Medical Center failed to intervene while he was cuffed to a hospital bed and sexually assaulted in their custody are also sufficient to state a plausible Fourteenth Amendment failure to protect claim. *See Castro*, 833 F.3d at 1071; *Lolli v. Cnty of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) (failure to intervene can support Fourteenth Amendment claim where bystanders had a realistic opportunity to intervene but failed to do so).[4]

---

[4] "The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries."

Therefore, the Court finds Plaintiff's SAC sufficient to surpass the relatively "low threshold" required to survive the mandatory screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123.

## II. Motion for Appointment of Counsel

Plaintiff has also filed a boilerplate Motion for Appointment of Counsel in which he claims to have only a 4th grade education. (ECF No. 14 at 1.) In support of this request, he has also submitted two letters, and supplemental materials requesting assistance and/or accommodations from the Court (ECF Nos. 12, 21) based on his "ADA status," "low cognitive function," "visual impairment," and his limited comprehension of legal proceedings. (ECF No. 12 at 3-4; ECF No. 25 at 2.) In addition, Plaintiff has submitted copies of his medical records at LAC, which show he is being treated and has been prescribed various anti-psychotic, anti-anxiety, and mood disorder medications.[5] (ECF No. 25 at 10-18.)

Generally, a person has no right to counsel in a civil case. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). However, § 1915(e)(1) only allows the Court to "request" counsel to represent a litigant proceeding IFP. *See* 28 U.S.C. § 1915(e)(1). It "does not give the court power to require an unwilling attorney to serve."

///

---

*Castro*, 833 F.3d at 1071. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the "facts and circumstances of each particular case."'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)); *see also Carrasquilla v. Cty. of Tulare,* No. 1:15-CV-00740-BAM, 2016 WL 7475702, at *4 (E.D. Cal. Dec. 27, 2016).

[5] In fact, Plaintiff claims he suffered a "mental breakdown as [a] non-aggressive person with [a] mental disorder," as a result of his "sexual abuse" while in Defendants' custody. (ECF No. 10 at 2.)

*FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 454 (1990) (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989)).

When determining whether "exceptional circumstances" exist under § 1915(e)(1), the Court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).[6] Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court finds Plaintiff's case presents the rare "exceptional circumstances" that warrant the appointment of pro bono counsel. *See Agyeman,* 390 F.3d at 1103-04; *Byrd v. Maricopa Cnty. Bd. of Supv'rs*, 845 F.3d 919, 925 (9th Cir. 2017) (reversing district court's sua sponte dismissal of pro se pretrial detainee's Fourth and Fourteenth Amendment challenge to County's cross-gender strip search policy pursuant to 28 U.S.C. § 1915A and remanding with instructions that district court appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) based on pro se litigant's "limited ability to articulate his claims," their "possible merit," and the "complexity of the legal issues involved.").

This is because while Plaintiff has managed to sufficiently articulate the facts supporting a potential likelihood of success on the merits, assuming his sexual assault and failure to protect allegations are true, *see Palmer*, 560 F.3d at 970, his pleadings also demonstrate an obvious procedural and legal complexity which may prevent their prosecution—for he is currently incarcerated at LAC, is no longer in San Diego County custody, and has not provided the true names of the Sheriff's Department and Tri City

---

[6] "Common" circumstances related to confinement and shared by most prisoners, however—such as lack of legal education, or limited law library access—do not by themselves show the "exceptional circumstances" required to warrant a Court's request for voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See e.g.*, *Spohn v. Mucklow*, No. 2:12-CV-00101-LKK, 2012 WL 4667600, at *4 (E.D. Cal. Sept. 17, 2012).

Medical Center officials involved on the day of his assault, potentially due, in part, to his alleged immediate sedation immediately afterward. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m); *see also Junior v. Anderson*, 724 F.3d 812, 815-16 (7th Cir. 2013) (finding district court "erred in refusing to recruit a lawyer" for a pro se pretrial detainee alleging County Jail officials failed to protect him from attack, and noting that while plaintiff's case was not "analytically complex, … its sound resolution depend[ed] on evidence to which the plaintiff in his distant lockup ha[d] no access."); *see also Santiago v. Walls*, 599 F.3d 749, 766 (7th Cir. 2010) (finding plaintiff suffered prejudice from lower court's failure to appoint counsel where he was "forced to drop Dr. John Doe as a defendant" because he was "unable to ascertain his identity," and unable "to identify key witnesses, depose the defendants and gather pertinent evidence such as … surveillance tapes."); *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (remanding pro se detainee's § 1983 assault claims to allow him to conduct discovery to identify his alleged attackers and directing district court to consider the appointment of counsel in order to assist him).

Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But where the identity of an alleged party is not known prior to filing of an action, as is the case here, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his Complaint should be dismissed for other reasons.[7]

---

[7] Indeed, in his Motion for Settlement Disposition Conference/Subpoena Evidence (ECF No. 10), Plaintiff requests Defendants be deposed, and that records at Tri City Medical Center be subpoenaed in order to discover the "names of the RN Nurse [on] the day of [the] incident," and the "names of the Detective[s] [who] investigated." (ECF No. 10 at 2.) Plaintiff further seeks the production of any "DNA of [the] Black Corporal Sheriff['s] semen on Plaintiff['s] bed sheets," and the preservation of "video tape" from the third floor of Tri City Medical Center on 6-25-16, which he claims contains "evidence tending to support [his] allegations." (*Id.*)

*See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642). Moreover, while Plaintiff has been granted leave to proceed IFP, and is entitled to U.S. Marshal Service pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3), directing U.S. Marshal service at this juncture will prove futile in this case; for it will be impossible for the Marshal to serve the Doe Defendants as he has currently described them. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").

Taken together, these circumstances justify appointment of pro bono counsel in this case. *See* 28 U.S.C. § 1915(e)(1); *Palmer*, 560 F.3d at 970; *see also Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016) (reversing district court's denial of counsel based on its failure to consider "not only the characteristics of the claim, but also the characteristics of the [pro se] plaintiff," where he could "succeed on the merits" because his complaint "state[d] a claim for relief.") (citing *McElyea v. Babbitt*, 833 F.2d 196, 199 n.3 (9th Cir. 1987) (per curiam)).

Accordingly, the Court GRANTS Plaintiff's Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 14), conditional upon its ability to recruit an available and willing volunteer from the Court's Pro Bono Panel.

Pursuant to the Court's "Plan for the Representation of Pro Se Litigants in Civil Cases," as adopted by S.D. Cal. General Order 596, the Court REFERS this case its Pro Bono Panel Administrator, who will assist in locating local volunteer counsel able to assist Plaintiff in prosecuting this case on a pro bono basis. Plaintiff is cautioned that he is not entitled to pro bono counsel, and a lawyer is not guaranteed. However, the Court will attempt to recruit one for him due to the "extraordinary circumstances" presented by Plaintiff's claims as they have been currently alleged. *See Agyeman*, 390 F.3d at 1103; *Palmer*, 560 F.3d at 970.

In addition, the Court DENIES the various requests for pre-service discovery in Plaintiff's Motion for Settlement Disposition Conference/Subpeona Evidence (ECF No.

10) without prejudice in light of Plaintiff's potential appointment of pro bono counsel, and DEFERS U.S. Marshal Service in this matter pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3) on Plaintiff's behalf until after appointed pro bono counsel has an opportunity to review the pleadings, investigate Plaintiff's claims, identify the appropriate parties, and amend the pleadings accordingly.

## III. Conclusion and Order

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion for Appointment of Counsel (ECF No. 14), conditional upon its ability to locate an available volunteer to represent Plaintiff pro bono in this case pursuant to S.D. Cal. Gen. Order 596, and in all matters going forward, up until its conclusion at trial, if necessary, and at the Court's specific request;

2) **DENIES** Plaintiff's Motion for Settlement Disposition Conference/Subpoena Evidence (ECF No. 10) without prejudice, pending the appointment of counsel; and

3) **DIRECTS** the Court's Pro Bono Administrator to randomly refer this matter to an eligible member of its Pro Bono Panel pursuant to S.D. Cal. Gen. Order 596. Once selected counsel indicates to the Pro Bono Administrator that he or she is able and willing to represent Plaintiff pro bono in this case, the Court will issue an Order of Appointment and direct that a written Notice of Substitution be filed on Plaintiff's behalf pursuant to S.D. Cal. CivLR 83.3.f.2, as soon as practicable.

**IT IS SO ORDERED**.

Dated: June 30, 2017

HON. LARRY ALAN BURNS
United States District Judge