UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE CONYERS,<br><br>                         Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY; SAN DIEGO COUNTY SHERIFF; CORPORAL MICHAEL RODDY (#0904); CORPORAL LUCIANO RODRIGUEZ (#3866); JOHN DOE NURSE; and DOES 2-20,<br><br>                        Defendants. | Case No.: 3:17-cv-00127-LAB-NLS<br><br>**ORDER:**<br><br>**1) DISCHARGING ORDER TO SHOW CAUSE**<br>**[ECF No. 35]**<br><br>**AND**<br><br>**2) GRANTING MOTION FOR UNITED STATES MARSHAL TO EFFECT SERVICE OF FOURTH AMENDED COMPLAINT AND SUMMONS PURSUANT TO**<br>**28 U.S.C. § 1915(d) AND**<br>**Fed. R. Civ. P. 4(c)(3)**<br>**[ECF No. 37]** |

Plaintiff Dwayne Conyers, currently incarcerated at California Men's Colony, in San Luis Obispo, California, first initiated this civil rights case pro se in the Central District of California in December 2016 pursuant to 42 U.S.C. § 1983. The Court there granted Plaintiff leave to proceed in forma pauperis (ECF No. 4), but soon after transferred the case here, for lack of proper venue pursuant to 28 U.S.C. § 1406(a) (ECF No. 6). Plaintiff then

1

filed two amended complaints (ECF Nos. 16, 23), together with several miscellaneous requests, supplemental documents and motions, including one requesting the appointment of counsel. *See* ECF Nos. 10, 12, 14, 21, 29.

On July 3, 2017, this Court denied most of Plaintiff's motions, but reviewed his pleadings sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, found that they contained plausible claims for relief, and granted his request for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See* ECF No. 30. The Court then referred the case to its Pro Bono Panel, identified a willing and available volunteer and appointed Robert Burns, Esq., to represent Plaintiff pro bono for all purposes during further proceedings before this Court pursuant to S.D. Cal. Gen. Order 596 (ECF No. 31).[1]

After some time passed, on January 5, 2018, the Court issued an Order to Plaintiff's counsel to either file an Amended Complaint with a request for U.S. Marshal Service in light of Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), or show cause why the case should not be dismissed without prejudice for failure to prosecute by January 19, 2018. *See* ECF No. 35.

On January 19, 2018, Plaintiff's counsel timely submitted an Amended Complaint (ECF Nos. 36, 38), together with a Motion for U.S. Marshal Service (ECF No. 37).[2]

---

[1] In its July 3, 2017 Order, the Court noted that because Plaintiff's pro se pleadings failed to properly identify the parties sufficient to effect service upon them, it would permit appointed pro bono counsel the opportunity to "review the pleadings, investigate Plaintiff's claims, identify the appropriate parties, and amend the pleadings accordingly." *See* ECF No. 30 at 10-11; *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (noting that a prisoner "proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service" as long as he or she "provide[s] the necessary information to help effectuate service"); *Melendrez v. Compston*, __ Fed. App'x __, 2017 WL 6526865, at *1 (9th Cir. Dec. 21, 2017) (No. 17-35416).

[2] The Court notes that Plaintiff's counsel filed two amended pleadings: one on January 19, 2018, captioned as Plaintiff's "Third Amended Complaint" (ECF No. 36), and another on January 22, 2018 (ECF No. 38), which appears to be a duplicate copy of the January 19, 2018 pleading, but this time captioned as Plaintiff's "Fourth Amended Complaint." (ECF

Accordingly, the Court hereby:

1) **DISCHARGES** its January 5, 2018 OSC [ECF No. 35];

2) **GRANTS** Plaintiff's Motion for U.S. Marshal Service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) [ECF No. 37];

3) **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Fourth Amended Complaint (ECF No. 38) upon Defendants SAN DIEGO COUNTY, SAN DIEGO COUNTY SHERIFF, CORPORAL MICHAEL RODDY (#0904), and CORPORAL LUCIANO RODRIGUEZ (#3886),[3] and forward it to Plaintiff's counsel along with a blank U.S. Marshal Form 285 for each of these named parties. In addition, the Clerk will provide Plaintiff's counsel with a certified copy of this Order, the Central District of California's Order granting Plaintiff leave to proceed in forma pauperis (ECF No. 4), certified copies of his Fourth Amended Complaint (ECF No. 38), and the summons so that he may serve them upon each named Defendant. Upon receipt of this "IFP Package," Plaintiff's counsel must complete the Form 285 as completely and accurately as possible, *include an address where each Defendant named on the summons may be served*,

---

No. 38 at 1.) The Court presumes Plaintiff's Fourth Amended Complaint (ECF No. 38), which supersedes all previous pleadings, is intended to be the operative one. *See* S.D. Cal. Civ. LR 15.1.a; *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

[3] The Court will not direct the U.S. Marshal to effect service upon Defendant JOHN DOE NURSE, or DOES 2-20. *See Perrotte v. Johnson,* No. 1:15CV00026 LJO SAB PC, 2018 WL 400323, at *1 (E.D. Cal. Jan. 12, 2018) (noting that the United States Marshal cannot initiate service of process on unknown defendants). Before the Court can order the United States Marshal to serve a Doe defendant, Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants. *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)). Once the identity of the Does are ascertained, Plaintiff must file a motion to amend his complaint to identify the previously named Does, and may file a renewed request for U.S. Marshal Service, if necessary, at that time.

*see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package;

4. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Fourth Amended Complaint (ECF No. 38) and summons upon the Defendants as directed by Plaintiff's counsel on the USM Form 285s provided. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

5. **ORDERS** Defendants, once served, to reply to Plaintiff's Fourth Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while defendant may be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond);

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: January 26, 2018

_____
Hon. Larry Alan Burns
United States District Judge