# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE CONYERS,<br><br>                Plaintiff,<br><br>vs.<br><br>CORPORAL MICHAEL RODDY, et al.,<br><br>                Defendants. | CASE NO. 17cv127-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS [Dkt. 45]** |

Prisoner Dwayne Conyers alleges San Diego police officer Michael Roddy sexually assaulted him while Conyers was cuffed to a hospital bed. He sued Roddy, along with another officer and nurse who responded to the scene, for violating his civil rights under 42 U.S.C. § 1983. None of those defendants have appeared. He also filed a state claim for medical malpractice against the County of San Diego and the Sheriff. He maintains the County negligently administered him a drug to treat seizures called Dilantin—apparently, his reaction to Dilantin was one of the reasons he was hospitalized. The County and Sheriff filed a motion to dismiss.

The Court can only exercise supplemental jurisdiction over Conyers' malpractice claim if it's "part of the same case or controversy" as the federal civil rights claim for the alleged sexual assault. 28 U.S.C. § 1367(a). It's not. As currently pled, the malpractice claim turns on whether doctors poisoned Conyers while administering Dilantin when he was jailed in Otay Mesa. The sexual assault claim turns on whether officer Roddy assaulted Conyers

- 1 -

two days later, and 50 miles away, at Tri City Medical in Oceanside. The former claim involves witnesses and evidence from Otay Mesa concerning the medical standard of care. The latter involves witnesses and evidence from Tri City Medical concerning whether sexual assault happened. The Court finds those incidents aren't part of the same controversy and declines to exercise supplemental jurisdiction over the malpractice claim. *See, e.g.*, *Gonzalez v. United States*, 2016 WL 6821868, at *2 (E.D. Cal. Nov. 18, 2016).

Even if the Court had jurisdiction, Conyers failed to comply with the California Tort Claims Act. Cal. Gov't Code § 911.2; *See Cty. of Sacramento v. Superior Court*, 105 Cal. App. 3d 898 (Ct. App. 1980). And his lone allegation for application of the discovery rule—"Accrual occurred upon 11/2/2017 discovery by Claimant's attorney"—is too conclusory to show he's entitled to equitable relief for failing to comply with the Tort Claims Act.

Since the Ninth Circuit's standard for granting leave to amend is extremely liberal, if Conyers thinks he can fix the problems identified by the Defendants and the Court, he may file an amended complaint by June 15, 2018. But he's on his fourth amended complaint. And this case is all about whether Roddy engaged in sexual assault. So Conyers should ensure he has good faith claims against the County and Sheriff before amending again. The motion to dismiss is granted. [Dkt. 45.]

**IT IS SO ORDERED**.

Dated: May 25, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge