UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DWAYNE CONYERS,** | Case No.: 17-cv-127-LAB (NLS) |
| Plaintiff, | **ORDER GRANTING COUNSEL FOR PLAINTIFF PERMISSION TO INCUR EXPENSES AND REIMBURSEMENT OF EXPENSES** |
| v. | |
| **CORPORAL MICHAEL RODDY (#0904) and DOES 1-10,** | [ECF No. 68] |
| Defendants. | |

Before the Court is Robert Burns's[1] motion for permission to incur expenses and for reimbursement of out-of-pocket expenses he claims to be necessary to the prosecution of this action. ECF No. 68. For the reasons discussed below, the Court **GRANTS** the motion.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 relating to incidents occurring while incarcerated at California State Prison of Los Angeles County in Lancaster, California. Plaintiff alleges that while he was hospitalized at Tri-Care Medical Center, Defendant Corporal Michael Roddy ("Defendant") entered the

---

[1] As attorney of record for Plaintiff Dwayne Conyers ("Plaintiff").

1

hospital room, threatened him, masturbated, and ejaculated on his bed sheets. ECF No. 51-1 at 1-2. On July 3, 2017, the Court granted Plaintiff's request for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). ECF No. 30. The Court then referred the case to its Pro Bono Panel, identified a willing and available volunteer, and appointed Mr. Burns to represent Plaintiff pro bono pursuant to S.D. Cal. General Order 596. ECF No. 31.

Mr. Burns now seeks permission to incur expenses for forensic testing of the bed sheets at issue in this case, which are currently impounded by the San Diego County Sherriff. ECF No. 68 at 2. Mr. Burns notes that the sheets were "never tested for semen." *Id.* Thus, the preliminary testing Mr. Burns seeks would test for the presence of human semen, which relates to Plaintiff's claim that Defendant ejaculated on his hospital sheets. *Id.* In addition, Mr. Burns states that the testing also serves to minimize or potentially eliminate the need for more expensive DNA testing. *Id.* Bode Technology will provide the forensic testing services for $1,000 as follows: $500 for the fitted sheet and $500 for the flat sheet. *Id.*; *see also* ECF No. 68-1.

The Pro Bono Fund is used for "reimbursement of out-of-pocket expenses, necessarily incurred by court-appointed attorneys representing indigents pro bono in civil cases . . . provided that approval for such expenses is first obtained from the magistrate judge assigned the case . . ." CivLR 83.8(a)(2)(a). Having reviewed and considered the papers submitted, the Court concludes that the testing sought is plainly relevant to Plaintiff's claims and is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Thus, the Court makes a preliminary determination that the amount of $1,000.00 to test the sheets for semen is a necessarily incurred expense under Local Rule 83.8(a)(2)(a).

Here, Mr. Burns specifically seeks "Court approval for payment directly from the Court's Pro Bono Fund to pay for specified scientific [testing]" in the amount of

"$1,000 payable directly to Bode Technology[.]" ECF No. 68 at 1, 3. The Court finds that this request is appropriate given that Mr. Burns was appointed relatively early in the case and is a sole practitioner. *See King v. Gowdy*, No. 02-CV-75136-DT, 2008 WL 1820837, at *1 n.1 (E.D. Mich. Apr. 22, 2008) (acknowledging that the purpose of reimbursing out-of-pocket litigation expenses for those who participate in the pro bono program "is to remove a significant disincentive that otherwise would discourage counsel from agreeing to be appointed in such cases"); *see also Rose v. Racine Corr. Inst.*, 141 F.R.D. 105, 107 (E.D. Wis. 1992) (acknowledging that "if it were not for this district's Pro Bono Panel, very few indigent prisoners would be represented by counsel[,]" since the reimbursement plan facilitates appointment of attorneys who might otherwise not have been able or willing to serve).

Accordingly, the Court directs the Clerk of the Court to issue a check for $1,000, payable to "Bode Technology." Upon issuance of the check, Mr. Burns shall be notified at (619) 223-0441 and/or robertburns@oblaw.com. Mr. Burns may then pick up the check, with proper identification, at the Clerk's office, 333 West Broadway, San Diego, CA 92101. The Clerk shall send a copy of the instant Order to the Financial Department, to Financial Supervisor Laura Jimenez.

**IT IS SO ORDERED.**
Dated: February 11, 2019

Hon. Nita L. Stormes
United States Magistrate Judge

3

17-cv-127-LAB (NLS)