# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE CONYERS,<br><br>         Plaintiff,<br><br>vs.<br><br>CORPORAL MICHAEL RODDY, et al.,<br><br>         Defendants. | CASE NO. 17cv127-LAB (NLS)<br><br>**ORDER DENYING MOTION TO APPOINT NEW COUNSEL [Dkt. 73]** |

  On April 17, 2019, Plaintiff Dwayne Conyers, an inmate currently housed at the California Men's Colony State Prison, filed an *ex parte* letter with the Court seeking the replacement of his current appointed counsel, Mr. Robert Burns. Dkt. 73. Among other things, Mr. Conyers alleges that the attorney-client relationship has deteriorated, and that Mr. Burns has not sufficiently pursued certain items of discovery that Mr. Conyers believes will support his case. The Court requested that Mr. Burns lodge a confidential response to Mr. Conyers' letter, and Mr. Burns has now done so.[1]

  As noted in its initial order appointing Mr. Burns as counsel, a plaintiff generally has no right to counsel in a civil case. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," the Court may appoint counsel for indigent

---

[1] The clerk is directed to file that letter and its attachments as Exhibit A to this Order. The exhibit shall be filed **UNDER SEAL**.

- 1 -

civil litigants pursuant to 28 U.S.C. §1915(e)(1), and it did so here. *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although the standard for *appointment* of counsel in civil cases is now well-established, the standard for *substitution* of appointed counsel is not. In the criminal context, the Ninth Circuit has held that "[w]here a criminal defendant has, with legitimate reason, completely lost trust in his attorney, and the trial court refuses to remove the attorney, the defendant is constructively denied counsel." *United States v. Velazquez*, 855 F.3d 1021, 1033–34 (9th Cir. 2017) (citing *Daniels v. Woodford,* 428 F.3d 1181, 1198 (9th Cir. 2005)). The most important factor governing replacement of appointed counsel is whether "there was a serious breach of trust and a significant breakdown in communication that substantially interfered with the attorney-client relationship." *Velazquez*, 855 F.3d at 1035–36 (citing *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779 (9th Cir. 2001)). Given the substantial constitutional protections afforded to criminal defendants, the showing required for substitution of counsel in criminal cases may well be lower than in civil cases; after all, counsel is appointed as a matter of right in criminal cases, but only in "extraordinary circumstances" to a civil plaintiff. But even under the standard applied in criminal cases, the Court here finds that substitution is not warranted here.

Mr. Conyers alleges that he and Mr. Burns "have no kind of understanding" and "have not been able to get along." Dkt. 73 at 1. He also suggests that Mr. Burns "is throwing [his] case because he don't [sic] tell me anything." *Id.* at 3. In response, Mr. Burns notes that he regularly communicates with Mr. Conyers and discusses with him the status of discovery and the potential evidentiary issues with his case. *See* Response at 3. Mr. Burns further notes that he has been diligent in obtaining, among other things, forensic testing of the bed sheets, which Mr. Conyers alleged would contain DNA evidence of the sexual assault at issue. This is corroborated by Mr. Burns' February 11, 2019 motion to incur expenses related to this forensic testing. *See* Dkt. 71.

Mr. Conyers also criticizes Mr. Burns for not adequately seeking video evidence of the incident in question. On this point, the Court likewise finds no support. Mr. Burns has pursued this video evidence thoroughly, including by retaining an investigator to inspect the site and consulting with an expert witness on the video capabilities of the hospital. *See* Response at 5. He continues to pursue this evidence, claims to have kept Mr. Conyers apprised of developments, and has requested an extension of discovery deadlines to secure the evidence, if it exists.

Mr. Conyers is understandably frustrated at the slow pace of litigation, but that is not a unique frustration, nor can it be attributed to Mr. Burns. Further, Mr. Conyers' general dissatisfaction with Mr. Burns is insufficient to warrant appointing replacement counsel; he must have a "legitimate reason" for having lost trust in him. *Velazquez*, 855 F.3d at 1033–34. In light of Mr. Burns' diligent prosecution of this case, Court cannot find a "legitimate reason" to warrant appointing replacement counsel. The fact that the case has been pending for more than two years also cuts against appointing replacement counsel. Evidence that has not already disappeared may do so in the near future, and the delay associated with replacing counsel would only increase that risk. Mr. Conyers' request for appointment of substitute counsel is **DENIED**. Dkt. 73. Mr. Burns' request for an extension of time to complete discovery is **REFERRED** to Magistrate Judge Nita Stormes. *See* Response at 6. Given the age of this case, though, the pretrial conference date and the dates for submitting pretrial motions are not to be moved. Assuming the case survives summary judgment, it will be tried in early 2020. Mr. Burns shall ensure that Mr. Conyers is provided with a copy of this Order.

**IT IS SO ORDERED.**

Dated: April 22, 2019

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge